## Keys v. Francis.

1. **Pleading:** ACTION UPON ACCOUNT. Where a petition, claiming to recover $621.50 upon an account amounting to $996.50, but showing certain credits reducing the amount to that claimed, a judgment for such amount will not be reversed, on the ground that the allegations of the petition were not sustained by the proof, for the reason that there was no averment that the amount claimed was a *balance* due on the account.

2. **New trial:** SURPRISE; NEGLIGENCE. A new trial will not be granted on the ground of surprise of the unsuccessful party, when his want of preparation was the result of his own negligence.

3. —— CUMULATIVE EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence, when such evidence is merely cumulative in its character.

4. **Practice:** INSUFFICIENT CERTIFICATION. The action of the court below, in refusing a new trial, will not be disturbed on the ground that certain evidence was excluded when there is no certification thereof in the bill of exceptions.

*Appeal from Winneshiek District Court.*

MONDAY, DECEMBER 20.

ACTION to recover the value of work and labor done by plaintiff for defendant. Verdict and judgment for plaintiff. Defendant moved the court for a new trial on the ground that the verdict was contrary to the evidence; that the defendant was taken by surprise at the trial;

that he discovered new evidence after the trial; and that certain witnesses were not permitted by the court to testify after the evidence was closed, and the arguments of counsel had been made. The motion was overruled. Defendant appeals.

*G. R. Willett* and *G. W. Patterson* for the appellant.

No appearance for the appellee.

BECK, J.—I. The plaintiff claims, in his petition, to recover $621.55 upon an account for $996.50. The account sets out certain payments or credits, leaving a balance, however, to the amount for which judgment is claimed, which is not stated to be a *balance*, but to be the amount due plaintiff for work, etc., as shown in the account. Because the amount claimed is not alleged to be a *balance* on the account, defendant insists that the allegations of the petition were not sustained by the proof, which showed that the sum claimed was in fact a balance of an account. It is true, that the petition, in terms, does not claim for a *balance*, but no other meaning can be placed upon its language. The defendant could not have failed to understand that plaintiff was seeking, in the action, to recover for a *balance* due upon the account; the cause of action, set out in the petition, was sufficiently maintained by proof of a balance due on the account. The evidence is conflicting, but we are unable to say it does not support the verdict, as is claimed by defendant.

1. PLEADING: action upon account.

II. Defendant insists that the verdict should be set aside, because he was taken by surprise at the trial. The record fails to furnish any support to this ground of objection to the judgment. Defendant may have been illy prepared for trial, but it

2. NEW TRIAL: surprise: negligence.

was the result of his own negligence or want of attention to the suit.

III. The newly discovered evidence set out in defendant's affidavit in support of his motion, is cumulative in its character, and, therefore, not a sufficient ground for granting a new trial.

3. —— cumulative evidence.

IV. Defendant claims that certain witnesses, without his fault, were not present at the trial until the close of the arguments of counsel. He then offered their testimony, which was material in his behalf. The court refused to receive their evidence. This action of the court is one of the grounds of the motion for a new trial. The bill of exceptions does not show such state of facts; they are only stated in defendant's affidavit for a new trial. The court having omitted to embody these alleged facts in the bill of exceptions, it cannot be considered that they are established by the record, but, on the contrary, we must rather consider that, as the motion and affidavit brought the matter to the attention of the court, the absence of any mention of the alleged facts in the bill of exceptions is conclusive evidence that the court found that they did not in truth exist. We are of the opinion that the motion for a new trial was rightly overruled.

