[No. 2,596.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* F. W. VOLL.

NEW TRIAL IN CRIMINAL CASE.—It is no ground for a new trial in a criminal case that, on a challenge of a juror for actual bias, one of the triers appointed is on the panel of the jury in attendance in the case.

OBJECTION TO APPOINTMENT OF TRIER.—If an objection is to be made to the appointment of a trier in a criminal case it must be made at the time, and the grounds of objection brought to the attention of the Court; and if the objection be overruled an exception must be reserved in the usual mode.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—The affidavits in support of a motion for a new trial, on the ground of newly discovered evidence in a criminal case, must set forth such evidence as would be received on the trial.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Alexander Campbell,* for Appellant.

*John L. Love, Attorney General,* for Respondents.

By the Court, WALLACE, C. J.:

The prisoner, Francis W. Voll, was convicted of the crime of manslaughter, in killing one Walsh, and brings this appeal from the judgment, and from an order denying his motion for a new trial.

1. The first error assigned is that the Court, upon a challenge for actual bias, interposed by the prisoner, appointed as trier one Bolton, the said Bolton being himself of the jury panel in attendance in the case; and the statute (Section 352) providing that the triers shall be three impartial persons, "not on the jury panel," etc., is cited. No objection was made by the prisoner when Bolton was appointed—no exception was reserved—and the error is attempted to be shown only by means of a motion for a new trial. The statute (Section 440) has prescribed the grounds upon which such a motion must be made—of which this is not one— and we have lately held that it cannot be rested upon any ground not there enumerated. (*People* v. *Fair,* ante, 137.) If objection is to be made to the appointment of a trier it must be made at the time, and the grounds of objection brought to the attention of the Court, when, if such objection be overruled, an exception may be reserved in the usual mode. The Court below was probably not aware that Bolton was upon the panel at the time he was appointed as a trier; and it was the duty of the prisoner to call attention to that fact, if it was his purpose to rely upon the disqualification of the appointee to serve. The prisoner might, with just as much propriety, have moved for a new trial on the ground that the trier—though appointed without objection—was not, in fact, an impartial person.

2. The next point made, and upon which a new trial was moved for and denied, is that the jury received evidence out of Court other than that resulting from a view of the place where the offense was alleged to have been committed. It is claimed that when the jury were sent by the Court to view the premises at which the killing took place, one Butler, a witness for the prosecution, conversed with the jury, or some one or more of the jurors, upon the facts of the case, or the evidence which had been given before them. A careful examination, however, of the affidavits presented upon either side, and of the evidence of Bolton and that of the Deputy Sheriff, Boyd, given in the presence of the Court upon the hearing of the motion, satisfies us that this ground is without support in point of fact, and that no such irregularity or misconduct occurred.

3. Another, and the only remaining ground upon which a new trial was asked is that of newly discovered evidence. The newly discovered evidence is set forth in the affidavits of Doyle and Gudinski. Generally speaking, the matters set forth in these affidavits would be inadmissible as evidence in behalf of the prisoner, even were a new trial granted him. If some portions of the statements there made might be received in a case exceptional in its circumstances, it is not disclosed by the record here what the circumstances were under which the homicide in question was committed. No portion of the evidence given at the trial is before us, and, in its absence, the intendments go to support the action of the Court below, for error is not to be presumed.

Judgment and order affirmed.