CLIFFORD v. DENVER, S. P. & P. R. Co.

1. NEW TRIAL — DISCRETION OF TRIAL COURT — POWER OF SUPREME COURT.— Assuming that the act of 1885, relating to new trials, was derived from the Iowa statute, which, though allowing an appeal from an order granting or refusing a new trial, vests the trial court with a discretionary power in that regard, and raises a stronger presumption in favor of an order granting than of an order denying a new trial, such discretion is not arbitrary, and is confined to cases of insufficiency of evidence and the like. It does not deprive the supreme court of the power to reverse when the ground for the motion does not in fact exist, or is not a legal ground, or is the result of the applicant's own negligence.

2. AFFIDAVIT IN SUPPORT OF MOTION FOR NEW TRIAL — REQUISITES OF.— An affidavit in support of a motion to set aside a verdict and judgment in favor of a plaintiff, and to grant the defendant a new trial, on the ground of surprise at the trial created by the plaintiff's testimony, should set out the facts relied on as occasioning the surprise, that the court might judge of their sufficiency and be able to determine whether the defendant had used due diligence in preparing his case for trial.

3. SAME — SURPRISE AND DUE DILIGENCE.— Where the surprise was alleged to have been occasioned by misleading statements made by plaintiff's counsel in a conversation with defendant's counsel in re-

. lation to the particular agent of the defendant who made the contract with plaintiff relied on for a recovery of damages, an affidavit which fails to set out the conversation or the misleading statements, and fails to show proper diligence on part of the defendant to ascertain who made the contract on his part, or to procure his testimony, or to ascertain what it would be on the point involved, is insufficient to warrant a court in vacating a judgment and awarding a new trial.

*Appeal from District Court of Arapahoe County.*

ACTION for damages by Henry Clifford against the Denver, South Park & Pacific Railroad Company.

This is an appeal from an order of the district court granting a new trial under the third clause of section 2 of the act of 1885, page 350. The cause of action is that the appellant's health was permanently injured, and he forever disabled from earning his living, by the neglect and failure of the railway company, the appellee, to comply with its contract made with him to furnish him suitable lodging while engaged in its employ in the construction of a certain wagon road in the Rocky mountains.

The complaint alleges that he was hired by the officers and agents of the appellee, in the summer of 1880, as a common laborer, in the construction of a wagon road over Alpine pass — the contract of hiring being that the appellee was to pay him $1.50 per day and furnish him with suitable board and lodging; that this contract was complied with while appellant worked on the eastern slope of the Rocky mountain range, but when the camp was removed over the range, to a point beyond the summit, where the altitude was very high, and the days rainy and sometimes hot, and the nights cold, the lodging accommodations contracted for were not furnished; that the cots or bunks previously provided were left behind, and that the agents of the defendant wholly neglected and failed to furnish necessary shelter and beds to protect the plaintiff and others from the inclement

weather there prevailing; that he and his co-employees immediately protested to the agents and officers of the appellee against such treatment, notifying them that, unless comfortable lodging was furnished them, they would immediately quit work, whereupon they were assured by such officers and agents that, if they would not abandon the work, but remain, comfortable lodging would be immediately provided for them; that these promises were renewed from time to time, but were never complied with, although the plaintiff, relying upon their fulfillment, did remain and continued to work.

It is further alleged that while he " was relying on such promises and assurances of said defendant, and for two or three consecutive nights, plaintiff was compelled to sleep on the cold, wet and frozen ground, without anything under him except damp branches of pine or spruce trees, and without sufficient blankets or bed-clothes to cover him and protect him from the cold, whereby plaintiff was taken dangerously sick from such exposure, and became wholly paralyzed in his whole body, and in all of his limbs, and became wholly unconscious, and so remained for several months, whereby his health was permanently ruined and destroyed for life, and his constitution shattered and so broken down that he has never recovered from the same, and never will; that plaintiff has become a cripple for life, and has suffered great bodily pain during all of said time, and still suffers pain and great mental anguish, and has been and still is wholly helpless and unable to work and attend to or follow any business of any kind or earn a living in any manner, and has become a pauper in the poor-house in this county." Damages were claimed in the sum of $25,000.

The answer is a denial of all the material allegations of the complaint, and charges contributory negligence, which charge was denied by the replication.

A jury trial was had at the September term, 1887, of

the district court, at which the appellant supported the allegations of his complaint by his own testimony. He stated that the contract of hiring was made by the section foreman or boss in charge of the gang of men with whom he worked, and that the promises to furnish bunks to sleep on, if the men would not abandon the work, were made by the appellee's superintendent of construction, Lon S. McAleer. The deposition of the said superintendent was introduced, denying that any such promises were made by him, and likewise denying any knowledge or recollection of the plaintiff.

The jury returned a verdict of $3,000 in favor of the appellant, and the court rendered judgment thereon. A new trial was subsequently allowed, on the ground of surprise and the absence at the trial of the foreman who hired the plaintiff. Other material facts appear in the opinion.

Mr. GEORGE H. GRAY, for appellant.

Messrs. TELLER & ORAHOOD, for appellee.

CHIEF JUSTICE BECK delivered the opinion of the court.

The act of 1885 permitted an appeal to this court from an order of the trial court when it granted or refused a new trial. Although the provision was afterwards repealed, and is no longer the law of this state, it was in force when the order was made from which this appeal was prosecuted.

It is strongly urged as a reason why the order of the court below should not be disturbed that under the code of Iowa, from which, say counsel, our law of 1885 was derived, the presumptions were always in favor of the action of the court when it granted a new trial; for in making such order the court was vested with a discretionary power, which was never interfered with except in a clear case of abuse, or where there was a clear pre-

ponderance of evidence showing the ruling to be wrong. It is also urged that the presumption in favor of the correctness of an order granting a new trial is held to be of greater weight than in cases where the application is denied.   Several Iowa cases are cited to these propositions.

Trial courts may certainly exercise a reasonable discretion in granting new trials, when discretionary grounds exist and are relied on by the applicants.   It seems to us, however, that, if the rule of practice concerning judicial discretion be as broad as contended for by appellee's counsel, a statute authorizing an appeal from such an order is of little practical effect, for the exercise of judicial discretion would render it a dead letter.   In order to give it reasonable effect, trial courts must be required to make correct rulings on legal propositions. Where the ground of the application is insufficiency of the evidence to support the verdict; that the verdict is against the weight of the evidence; that it is unjust and inequitable, and the like,— a reasonable degree of discretion exists to allow or deny a new trial; and, when the questions involved in the application are close, the ruling of the court should not be interfered with.   On the other hand, if the ground of the motion relied on does not in fact exist, or does not constitute a legal ground for a new trial, or the necessity for the application is the result of the applicant's negligence, the motion should be denied or the ruling held to be erroneous.

The discretion vested in the trial court to grant or refuse a new trial is neither an arbitrary nor a general discretion.   It is based on the theory that the judge who tries a case, having the parties, their witnesses and counsel before him, with opportunity to observe their demeanor and conduct during the trial, and to note all incidents occurring during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had, and substantial justice done, than the appellate tribunal.   But the fact that the legislative

assembly passed a law giving the right of appeal from such orders indicates a purpose to restrict the rulings upon the subject to the application of legal principles.

The general rule so often announced, that a stronger presumption obtains in favor of an order granting than one denying a new trial, is urged in the present case as a strong reason why the ruling should not be disturbed. This rule should also be limited to cases wherein the ground on which the new trial was granted constitutes a legal ground for such order, and the alleged causes have an actual existence.

These views are in accord, we think, with the rulings of the court on which counsel for appellee relies. That court says in *Town of Manson v. Ware*, 63 Iowa, 349: "Counsel for the appellee insist that the order of the court granting a new trial will not be as readily reversed on appeal as when the motion has been denied. That such is the general rule there is no doubt, but it should and always in its application has been limited to cases where there is a discretion reposed in the court below, or when the new trial is granted on the ground that the verdict is against the evidence, or because injustice has been done. Where the court grants a new trial on a ground not discretionary, and errs in the application of a legal principle in so doing, such action will be corrected on appeal just as readily as if the motion had been overruled." It would be absurd to hold that the mere assignment of a legal or sufficient ground for a new trial invests the trial court with discretion to allow it, irrespective of the existence of the facts constituting such ground. The application must be based on facts prejudicial to the applicant, and which have intervened without his fault.

In *Richards v. Nuckolls*, 19 Iowa, 555, it is said: "If a party has a good defense, and fails without the fault of the other party, in consequence of his own negligence, or want of diligence to avail himself of it, he ought not and will not be allowed to complain that the verdict and judgment were unjust and inequitable."

To the same effect is the following quotation from *Keys v. Francis*, 28 Iowa, 321, viz.: "A new trial will not be granted on the ground of surprise of the unsuccessful party, when his want of preparation was the result of his own negligence."

In the present action the formal motion for a new trial filed contained all the grounds, legal and discretionary, usually assigned in motions of this character, being thirteen in number, but the twelfth ground appears from the record before us to have been the only one relied on by appellee's counsel, and the ground on which the action of the court was based. It is as follows: "(12) The defendant was surprised by the evidence of the plaintiff in respect to the person by whom the alleged hiring or contract was made for the company, to wit: The defendant supposed, and had a right to suppose, that the hiring was done by McAleer, the superintendent, whereas the evidence is that it was done by a boss, and even the name of the boss is not known." In support of the above statements, one of the counsel filed his affidavit, stating the circumstances which occasioned the alleged surprise, and the reasons why no efforts had been made to procure the desired testimony. The arguments, also, submitted by them in their brief upon this appeal are based almost wholly upon this ground; a mere reference being made to other grounds on which the court may have acted. That the trial judge based his action upon this ground, and on the averments of the affidavit filed in its support, appears from remarks made by him at the hearing of the motion. They were as follows: "I understand it is allowable to continue the hearing of a motion for a new trial from term to term, and I shall continue this until the first day of the next term; and if then it appears that this boss can be procured and his testimony had, I will hear an application for a new trial upon newly-discovered testimony, or the discovery of this witness; otherwise none will be allowed."

It is clear that, when the foregoing ruling was made,

the judge either understood the application to be based on the grounds mentioned in the twelfth assignment, or that this was the only ground on which a new trial could legally be awarded in any event.  It is equally apparent that he did not regard the showing then made sufficient to entitle the appellee to a new trial as a matter of right, since it was not known by its counsel whether either the witness or his testimony could be obtained, or what his testimony might be.  Hence the language of the judge that he would hear an application for a new trial at the next term upon newly-discovered testimony, or the discovery of this witness, if it then appeared that the witness could be procured or his testimony had.  It will be observed no intimation is here given that a new trial would be granted at all; only that a motion on the ground stated would be heard at the next term, if a further showing should be then made.

A few days after this order was entered appellant's counsel called the judge's attention to the fact that it was inconsistent with the statute, and insisted on an immediate disposition of the motion for a new trial.  The judge thereupon set aside the order of continuance, and granted the motion for a new trial.  The latter order must have been made in the exercise of a supposed discretion reposed in the judge to grant a new trial whether legal grounds existed therefor or not; for no announcement appears to have been made that he had changed his views as to the sufficiency of the application, or that he based his ruling on other grounds than those previously mentioned.  In view of these several facts and circumstances we are warranted in assuming that the ground relied on by the counsel for the new trial, and acted on by the judge in its allowance, was surprise, and the absence of the boss or foreman, as alleged in the twelfth paragraph of the motion and in the affidavit of appellee's counsel.  Can the ruling of the court based on such ground be sustained?

, It follows from the legal principles above announced

that if the ground of the surprise relied on was unfounded in fact, or that the evidence desired to defeat appellant's claim had not been discovered, and no showing made of its existence other than the averment of counsel that he firmly believed in the existence of this foreman, or if the failure to procure the witness or his testimony were attributable to the negligence of the appellee, the ground relied on had no existence in fact, and no discretion was vested in the court to grant the motion.    Let us inquire further as to the existence of the alleged facts.

The affidavit made by appellee's counsel in support of the motion avers that, from a conversation had with the attorney for the plaintiff before the trial, the affiant supposed that the hiring, or contract of hiring, set up in the complaint, was a contract made with Lon S. McAleer, defendant's superintendent of construction, and appellee had been to considerable trouble and expense in procuring his testimony; but it appeared that the contract sworn to by the plaintiff was made with some other person, whose name is unknown to the affiant, and to the plaintiff also, but whom the latter designated as "the boss;" that, if they had had any knowledge the testimony would be that the contract was made by any foreman, boss, or any person other than McAleer, they could probably have procured the name of the person, but had no opportunity to do so after the plaintiff's testimony was produced; that affiant had not yet ascertained to his satisfaction who such foreman was, but if a new trial was granted he could find out his name, and procure either his deposition or attendance; that the testimony of such foreman is very essential and important, and if he could be found, and affiant believed he would be before the next term of court, he would contradict the statement of the plaintiff concerning the hiring *in toto;* that this last statement was based on affiant's knowledge and experience as to the manner of doing business by the appellee, which was very extensive, and he was confident

the appellee never, by its superintendent or foremen, had employed men agreeing to furnish them with board and lodging. The concluding averments are that the defense were taken by surprise at appellant's testimony, had no means of contradicting him, or procuring the attendance of the foreman, whose name was still unknown by affiant, but whose existence was firmly believed in. It will be observed that this affidavit fails to set out the conversation alluded to, or what statements appellant's counsel had made, which led the affiant to suppose the contract was made with McAleer.

To this affidavit counsel for appellant filed his cross-affidavit, averring that the only representations made to the opposing counsel in the conversation alluded to were that a man by the name of McAleer was superintendent of the work on which appellant was engaged, and that the men were paid by checks drawn or handled by another man named Barr; that not a word was said as to who employed appellant; and that he did not give the name of the foreman or "boss" for the reason he never knew it.

Referring to the complaint filed, it will be seen that appellee had been notified thereby of the terms and conditions of the contract relied on; that it was made with the appellant by the agents and officers of the appellee; the date of his employment was given; the portions of the wagon-road on which he worked were described, as was also the place where the new promises were made, that being the place where appellant became sick from the alleged exposure,— all substantially as testified to by him at the trial. A reference to the testimony shows that foremen in charge of men on the work were authorized to hire laborers applying to them for work when they needed them.

The first conclusion arrived at is that the showing was wholly insufficient to warrant the new trial on the ground of surprise. While the affidavit in support of

the motion fails to set out the alleged misleading statements of appellant's counsel, the affidavit of the latter does set them out, and we have no hesitation in holding the conclusion alleged to have been drawn therefrom, and relied on by appellee's counsel, unwarranted. Nor did the testimony itself, that the contract was made by a foreman on the work, furnish a legitimate ground of surprise; since, as the testimony amply shows, they were all authorized by the appellee to do so, and its counsel are presumed to know the regulations and rules of the company under which the road was made. Being chargeable, then, with knowledge that the company's foremen were authorized to hire laborers who might apply to them for work, and the complaint having furnished them with sufficient facts to have enabled them to ascertain the whereabouts of appellant's foreman, if living (who was likely to have made the contract with him), and to have procured his attendance or testimony at the trial, the failure of appellee and its counsel to institute any inquiry concerning him during the several years which intervened between the filing of the complaint and the trial effectually estops them from any relief by virtue of the allegation that they were surprised to hear the contract was made by the foreman. It furnished no legal ground, under the circumstances, for a new trial, and consequently nothing on which to base the exercise of a judicial discretion.

The record furnishes several considerations favorable to the verdict of the jury which might be mentioned, but we base our decision on the error of the court below in allowing a new trial on insufficient grounds.

The order allowing the new trial is reversed and the cause remanded.

*Reversed.*