[No. 12054. Department One — September 6, 1889.]

## JOHN SPOTTISWOOD, RESPONDENT, *v.* J. C. WEIR ET AL., APPELLANTS.

EVIDENCE — GENUINENESS OF LOST DEED — COMPARISON OF HANDWRITING — OPINION EVIDENCE. — A witness cannot testify that the signature to a lost deed was the same as one signed to a purported deed of the alleged grantor, without preliminary proof of the genuineness of the signature to the deed used by way of comparison, and also that the witness is qualified as an expert to give an opinion upon the matter.

ID. — DESCRIPTION OF SIGNATURE OF LOST DEED. — It is harmless to exclude testimony as to the description and form of the letters of the signature to a lost deed, the genuineness of which is disputed, in the absence of any evidence tending to show the forms of the letters in any signature of the grantor which is admitted or proved to be genuine.

ID. — INSUFFICIENT FOUNDATION FOR OPINION EVIDENCE. — It is not error to exclude opinion evidence upon the genuineness of the signature to a lost deed when no sufficient foundation is laid therefor, and the witness does not testify that he knew the signature, or that he had ever seen the grantor write, or had ever seen any writing that he knew to have been his.

ID. — EXCLUSION OF EVIDENCE — REVIEW ON APPEAL. — If the exclusion of evidence is proper on any ground, the judgment will not be reversed, no matter what was the actual objection made, unless the objection not urged might have been obviated.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION. — A new trial may be properly refused upon the ground of newly discovered evidence,

if it would not change the result. The refusal to grant a new trial upon that ground will only be reviewed when there is an abuse of discretion; and newly discovered evidence as a ground of new trial is not regarded with favor.

Id. — Counter-affidavits — Filing after Time Limited by Code — Mistake.— The court may allow counter-affidavits to be filed on a motion for new trial after the time limited by the code, under a showing that they had been prepared and served, and that the filing was omitted through oversight or mistake.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Shafter, Parker & Waterman,* and *Nagle & Nagle,* for Appellants.

*Doyle, Galpin & Zeigler,* for Respondent.

Works, J.—Action to quiet title to real estate. Trial by jury, and verdict and judgment for the plaintiff. The defendants appeal.

The controlling question in the case was as to the execution of a deed for the property in controversy from the plaintiff's grantor to the defendant Elizabeth Weir, prior to the deed under which the former claimed title. The alleged deed was not produced, had never been recorded, and was claimed at the trial to have been lost. The effort was made to prove the existence of the deed, and that the name of the grantor signed thereto was his genuine signature. It was attempted to prove by the defendant Elizabeth Weir that the signature to the lost deed was the same as the one signed to a purported deed of the alleged grantor, which was produced and shown to the witness. To this the plaintiff objected, on the ground that the signature to the deed, which was attempted to be used by way of comparison, was not shown to be genuine. The objection was sustained, and this is assigned as error. The testimony was properly excluded on the ground stated. It was also objectionable for the

LXXX. Cal.—29

reason that the witness was not an expert, and the question called for a mere opinion. Counsel for appellant cite several authorities to sustain their contention that the evidence was competent, but none of them are in point.

It is also claimed that the court below erred in refusing to allow a son of the defendant to testify to the description and form of the letters in the name A. Hemme, the alleged grantor in the lost deed, from his recollection of it from having seen it before the deed was lost. This evidence might have been competent and important if there had been any evidence tending to show the forms of the letters in the *genuine* signature of Hemme, but as there was no such evidence, the exclusion of the proposed evidence was harmless, conceding it to have been competent, and the remark of the court below as to the weight that should be given such testimony was equally harmless, for the same reason.

There was an attempt, also, to prove the genuineness of the signature to the lost deed by another witness. The witness testified that he had "seen a few" of Hemme's signatures; had never seen him write, but had seen a great deal of his handwriting. If he had stopped there his opinion might have been competent, but he was asked: "How do you know it is his handwriting?" (meaning the handwriting he had seen), and answered: "I do not know whether it was or not; it looked like it." He was then asked whether the signature to the deed was Hemme's. To this the plaintiff objected, and the objection was sustained. There was no error in this ruling. The witness did not testify that he knew Hemme's signature, that he had ever seen him write, or that he had ever seen any writing that he knew to have been his. Therefore no foundation was laid for the opinion he was asked to give.

It is claimed by the appellant that the objection to the question was not sufficiently definite. But if the exclusion was proper on any ground, the cause will not be

reversed, no matter what was the actual objection made, unless the objection not urged might have been obviated. (*People* v. *Graham*, 21 Cal. 266; *Miller* v. *Van Tassel*, 24 Cal. 463.)    The court might properly have excluded the evidence without any objection being made.    (*People* v. *Turcott*, 65 Cal. 127.)    It is quite obvious that the objection to this evidence could not have been obviated. The witness showed by his own testimony that he was not competent to give the opinion he was asked to give.

There are other errors assigned upon rulings in the exclusion of evidence, but none of them are well taken.

One of the grounds of the motion for a new trial was newly discovered evidence.    We have carefully read the affidavits in support of and against the motion, and are satisfied there was no error in denying the motion on this ground.    There was no error in allowing the plaintiff to file counter-affidavits on the motion after the time fixed by the code, under the showing made that they had been prepared and copies served, and the filing had been omitted by oversight and mistake.    As we view the testimony in this case, the alleged newly discovered evidence could not properly have changed the result, and for this reason, if for no other, the court below was right in refusing a new trial on this ground.    (*Raney* v. *State*, 53 Ind. 278.)    The refusal to grant a new trial on this ground is reviewable in this court only for abuse of discretion.    (*Hobler* v. *Cole*, 49 Cal. 250.)    And newly discovered evidence as a ground for a new trial is not regarded with favor.    (*Baker* v. *Joseph*, 16 Cal. 180; *Arnold* v. *Skaggs*, 35 Cal. 686.)

The showing in this case does not impress us favorably, to say nothing more of it.

There was no abuse of discretion in denying the motion.

Judgment and order affirmed.

PATERSON, J., and Fox, J., concurred.

Hearing in Bank denied.