WILLIAM BRAITHWAITE, Plaintiff and Appellant, *v.* HENRY C. AIKEN, HARVEY HARRIS, as Administrator of the Estate of JOSEPH LEIGHTON, Deceased, and THOMAS C. POWER and JOHN W. POWER, under the name and style of BENTON LINE, Defendants and Respondents; WILLIAM REA and GEORGE F. ROBINSON, Co-partners as ROBINSON, REA & CO., J. C. KAY and WOODRUFF McKNIGHT, Co-partners as KAY, McKNIGHT & CO., and A. W. CADMAN, as A. W. CADMAN & CO., and JOSEPH McC. BIGGERT, Intervenors and Appellants.

**New Trial—Newly Discovered Evidence—Sufficiency of Affidavit.**

1. Affidavit held insufficient to justify the granting of a new trial on the ground of newly discovered evidence.

2. To warrant the granting of a new trial on such grounds affidavits must show such new facts as will probably lead to a different result on a new trial.

3. The facts must be established by the affidavits of persons who are personally familiar with them. It is not sufficient to set forth that another will testify to these facts or some of them. The affidavit of such person showing what he personally knows about them must be produced, unless some strong reason is shown why this requirement should be dispensed with.

4. Applications for new trial on this ground are looked upon with disfavor and distrust.

5. Although the trial court has large discretion in awarding or refusing new trials, which will not be interfered with except in case of abuse, yet when a new trial is granted upon a particular ground, there must be some legal evidence that such cause for a new trial exists, and the ground must be a legal ground for granting a new trial.

(Opinion filed June 22, 1891. Re-hearing denied Aug. 4, 1891.)

*A*PPEAL from district court, Burleigh county; HON. W. H. WINCHESTER, Judge.

*George W. Newton,* for appellant William Braithwaite. *Louis Hanitch,* for intervenors and appellants. *Jamison & Boucher* and *Francis & Barnes,* for respondents.

Appeal from an order granting a new trial. Reversed.

The main authorities relied upon by the appellants are set forth in the opinion.

Jamison & Boucher, (W. H. Francis, of counsel), for respondents:

An order granting a new trial having been made upon good cause shown and in furtherance of justice, and being a matter appealing to the discretion of the court is not subject to review by an appellate court. Barrett v. Railroad Co., 45 N. Y. 628; Hoyt v. Thompson, 19 N. Y. 218; Smith v. Lovejoy, 62 Ga. 372; Detroit Tug Co. v. Carnter, 42 N. W. Rep. 968. It is well settled that an order granting a new trial will not be reversed unless a manifest abuse of discretion appears. Haas v. Whittier, 21 Pac. Rep. 547; Minturn v. Bliss, 19 Pac. Rep. 185; Nalley v. McDonald, 77 Cal. 284, 19 Pac. Rep. 418; People v. Holt, 73 Cal. 241, 14 Pac. Rep. 856; Peebles v. Peebles, 41 N. W. Rep. 387; Jones v. Parker, 97 N. C. 33, 2 S. E. Rep. 370; Insurance Co. v. Jones, 7 S. E. Rep. 83; Irwin v. McKnight, 76 Ga. 669; Ruffner v. Hill, 7 S. E. Rep. 13; Bussey v. Bussey, 39 N. W. Rep. 847; Langley v. Daley, 46 N. W. Rep. 247; Heilner v. Brown. 12 Pac. Rep. 903. The party alleging error in granting or refusing a new trial must make the error affirmatively appear; must show abuse of discretion (and this the appellants have not done.) Hall v. Bark "Emily Banning," 33 Cal. 522; Weddle v. Stark, 10 Cal. 301; Bensley v. Atwill, 12 Cal. 240; McCarrity v. Byington, 12 Cal. 432; Watson v. McGuire, 17 Cal. 92; Quinn v. Kenyon, 22 Cal. 82; Petery v. Bugby, 24 Cal. 422; Hawkins v. Reichert, 28 Cal. 535. Applications for a new trial on the ground of newly discovered evidence are addressed to the discretion of the court and its action will not be disturbed, except for an abuse of discretion, the presumption being that the discretion was properly exercised. People v. Sutton, 15 Pac. Rep. 86; Longley v. Daly, 46 N. W. Rep. 247; Spootiswood v. Weir, 22 Pac. Rep. 289; State v. Nance, 25 S. C. 168; Grace v. McArthur, 45 N. W. Rep. 518; Gaines v. White, 47 N. W. Rep. 524. When it appears by the record that a motion for a new trial based upon several grounds was granted by an order which does not disclose any ground for its basis, the ruling will not be disturbed if it can be sustained

upon any of the specified grounds of the motion. People v. Lum Lit, 83 Cal. 130, 23 Pac. Rep. 228; Barney v. Dudley, 19 Pac. Rep. 550; Taylor v. Railroad Co., 79 Ga. 330, 5 S. E. Rep. 114; Curtis v. Starr, 24 Pac. Rep. 806. To render newly discovered evidence cumulative and thus an insufficient basis for a new motion for a new trial, it must be of the same quality or description as that given upon the trial of the action. Wilcox Silver Plate Co. v. Barclay, 48 Hun 54; National Bank v. Heaton, 6 N. Y. Supl. 37; Parshall v. Klinck, 43 Barb. 212.

The opinion of the court was delivered by

CORLISS, C. J. The judgment in this litigation in favor of the plaintiff has already been affirmed by this court as to two of the defendants. Braithwaite v. Power, 1 N. D. 455, 48 N. W. Rep. 354. While the appeal of these two defendants was pending in this court, the remaining defendant, Harvey Harris, as administrator of the estate of Joseph Leighton, deceased, made a motion for a new trial on various grounds, which was granted not only as prayed for, but to the extent of destroying the entire judgment, not only as against Harris as administrator, but also as against the two defendants who previously had been unsuccessful in their efforts to secure a new trial, and who were, at that moment challenging in this court the decision of the trial court refusing them this relief. The recitals in the order granting them a new trial, and the sweeping language of the order, force us to the conclusion that the trial court has assumed to grant a new trial as to defendants, over which it had no jurisdiction for that purpose, because they theretofore had removed the judgment and record to this court by appeal. We will not discuss the power of the trial court to render the judgment of this court nugatory before it is promulgated. We think the court erred in awarding the new trial, even assuming that the order affected the verdict and judgment only so far as the interests of the defendant, Harris, were concerned. While the motion was made upon several grounds, and while the order does not disclose the precise foundation on which it stands, yet we are relieved from the necessity of demonstrating that it can rest upon none of the grounds set forth in the notice of inten-

tion, with the single exception of the ground of newly discovered evidence, by the concession of respondent's counsel that all other grounds are abandoned. The only defense which it can be claimed that the newly discovered evidence would tend to establish is that of payment. The first paper which the record discloses is a petition made in form by Harris, the administrator, but, as it is verified by one of the attorneys for the administrator upon information and belief, it is difficult to see what weight is to be given it. Moreover, it contains nothing of importance, except the admission of Joseph Leighton in his lifetime that he had paid the plaintiff's claim. We fail to see that this was an admission against his own interest. It would, indeed, be a novel rule that a new trial could be granted upon evidence which must be rejected when offered on trial as the worst form of hearsay. In the affidavit of W. B. Jordan there is a repetition of these solemn admissions of Leighton that he had settled the plaintiff's claim. The only pretense of any legal evidence of payment is a receipt claimed to have been found among the papers of Joseph Leighton after his death. It reads as follows: "St. Paul, Minn., October 19, 1883. $150.00. Received of Joseph Leighton one hundred and fifty dollars and 00-100, the same being in full for interest and profits in Str. Eclipse and F. Y. Batchelor to date. Jos. McC. BIGGERT." What possible connection there is between the receipt and the claim of plaintiff, which is for freight for transporting army stores in 1880, it is impossible to conceive. No explanation is offered. The receipt refers expressly to interest and profits in steamers Eclipse and F. Y. Batchelor, and not to compensation for carrying freight for Leighton and others upon the steamers three years before. By his own terms it precludes the idea that it records a settlement of the claim in controversy in this action. It is clearly explained by the affidavit of Joseph McC. Biggert, who signed the receipt. His explanation is not controverted. He says that some time after the sale of the steamer Eclipse, in the spring of 1881, to Joseph Leighton, he was employed by Mr. Leighton as agent of that steamer, and of the steamer F. Y. Batchelor, at Bismarck, and that he was to be paid $150 per month and one-eighth of the earnings of each of the boats for

his services; that he remained in the employ of Mr. Leighton under this contract during the season of 1881, and that in 1883, at the request of Mr. Leighton, he went to Fort Buford to close the books of these steamers for 1881; and that he finally accepted $150 in full for the balance of the salary due him, and gave the receipt in question. The force of this affidavit is sought to be destroyed by the assertion that Joseph McC. Biggert, who made the affidavit, would not be competent to testify to these facts, because they constituted transactions with and statements by the deceased Joseph Leighton, and that the statute seals Biggert's lips as against the representatives of Leighton, he being interested, it is claimed, in the recovery. To support this view, respondent refers to § 5260, subd. 2, Comp. Laws. We do not think that the case falls within the statute. At common law, neither a party to a suit nor one not a party, but merely interested in the litigation, could be sworn as a witness. Our Code has abrogated this rule in sweeping terms, declaring in express language, not only that a party may be a witness, but that any one interested in the action may be allowed to testify. Both classes are expressly named in that portion of § 5260 which changes the old rule. But both classes are not expressly named in subdivision 2 of the same section, which qualifies the scope of this sweeping change. It is only a party who will not be permitted to testify as against the representatives of a decedent. Persons merely interested are not there mentioned. They stand, so far as this section is concerned, under the new rule enunciated in the first part of the section. They may testify in all cases without any such restriction. Parties and persons interested, it is declared, may testify in all cases; but parties only are declared incompetent to testify as against the representatives of a decedent. Interested persons are left under the new rule. Under statutes practically the same, the same conclusion has been reached. We cite the following cases in support of our decision that Joseph McC. Biggert, not being a party to the action, would be competent, under § 5230, subd. 2, Comp. Laws, to testify to the facts stated in his affidavits, however much he might be interested in the recovery: Berry v. Sawyer, 19 Fed. Rep. 289; Potter v. Bank, 102 U. S.

163.  The action was not prosecuted for the immediate benefit of
Biggert.  However, it is only necessary to look upon the receipt
alleged to have been newly discovered to see that no court
would be justified in submitting it to a jury as any evidence of
payment, without evidence connecting it with plaintiff's claim
in this case.  Nor is it probable that the jury would have ren-
dered a different verdict had the receipt been received in evi-
dence and considered on the trial.  No attempt is made to con-
nect it with the plaintiff's claim, which forms the basis of this
action, by any evidence that would be competent on a new trial.
"The evidence must be such as to render a different result
probable on a re-trial.  This is a consequence of the provision
that the cause for which a new trial may be granted must be
one materially affecting the substantial rights of the party.  If
there be no probability that the new evidence would change the
result, its absence cannot be said to have materially affected the
substantial rights of the party." Hayne, New Trials & App. §
91, and cases cited.  To same effect, Spottiswood v. Weir, 80
Cal. 448, 22 Pac. Rep. 289; Grace v. McArthur, 76 Wis. 641, 45
N. W. Rep. 518.  The evidence connecting the receipt and
plaintiff's demand for freight must be competent.  Hayne, New
Trials & App. § 91; People v. Voll, 43 Cal. 168.  It is true that
the appellate court will uphold the ruling of the trial court
granting a new trial when it would have refused to disturb the
decision of that court had a new trial been denied.  But the
discretion of the trial court must be legally exercised.  It has
bounds, and the appellate court will see that these limits are
respected.  The party recovering a judgment has valuable
rights which cannot be dissipated by the judicial breath.  There
must be some ground for the new trial.  Clifford v. Railroad
Co., 12 Colo. 125, 20 Pac. Rep. 333; Lorenzana v. Camarillo, 41
Cal. 467.  Said the court in the Clifford Case:  "The general
rule so often announced, that a stronger presumption obtains
in favor of an order granting than one denying a new trial, is
urged in the present case as a strong reason why the ruling
should not be disturbed.  This rule should also be limited to cases
wherein the ground on which the new trial was granted consti-
tutes a legal ground for such order, and the alleged causes have

an actual existence." But this rule should have but little weight in this case, for the reason that the judge by whom the new trial was granted was not the judge before whom the case was tried, and therefore was no better qualified by reason of having been present at the trial properly to exercise discretion in the matter than this court. "The discretion vested in the trial court to grant or refuse a new trial is neither an arbitrary nor a general discretion. It is based on the theory that the judge who tries a case, having the parties, their witnesses and counsel before him, with opportunity to observe their demeanor and conduct during the trial, and to note all incidents occuring during its progress likely to·affect the result thereof, is better qualified to judge whether a fair trial has been had and substantial justice done than the appellate tribunal." To the judge who granted this new trial the record was as cold and lifeless as it is to us. No recollection of the appearance, demeanor, conduct of witnesses and parties; no impressions derived from the view of the trial and its manifold incidents—went to make up the judgment that deemed a new trial just. That judgment was the result merely of the comparison of one lifeless record with another—the affidavits with the record of the proceedings on the trial. The reason for the rule that the order granting a new trial is to be sustained, although the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one, therefore does not exist in this case; and the rule itself should not, under such circumstances, be rigidly followed, if followed at all. Comp. Laws, § 4697. But the order granting the new trial being defended only on the ground of newly discovered evidence, we are clear that, under the most liberal rule in favor of the decision of the trial court, the order cannot be sustained. So far as the receipt is concerned, it is entirely foreign to this case.

Two other facts are set forth: It is claimed that there was a talk of settlement between Leighton and John D. Biggert, who, it is insisted, was acting for the parties interested in the freight, to recover which the action was brought. The averment that he represented all the parties is on information and

belief, and no reason is assigned why some one familiar with the fact does not make an affidavit as to his authority. It is stated in substance, that in this conversation Leighton informed Biggert that the claim in question had been paid. There was no legal evidence of the authority of John D. Biggert to bind the parties interested; and without such authority the statements of Leighton made to him are only declarations in Leighton's own interest. "In asking for a new trial on the ground of newly discovered evidence, it is not sufficient for the moving party to state in his affidavit what, as he has learned, certain persons know about the matter, and how, as he believes, they will testify. He must produce the affidavits of the newly discovered witnesses as to what they know, and as to what they will testify." Arnold v. Skaggs, 35 Cal. 686; Hayne, New Trial & App. § 93. It is singular that Leighton should have claimed to John D. Biggert, at this conversation on July 10, 1888, that the claim had long since been paid and settled, when it is undisputed that he (Leighton) wrote Biggert on June 27, 1888, inquiring whether, in case he should settle with other parties, they would see him clear of Braithwaite, the plaintiff; and on July 21, 1888, 11 days after this alleged talk, he again wrote Biggert that whatever was due had been ready for the past seven years, and would be paid whenever he could safely pay either Braithwaite or Biggert. We find nothing in the affidavits used upon the motion which rises to the dignity of evidence of payment of the claim in question. Had such evidence been disclosed, then, no matter how strongly rebutted, the exercise of the discretion of the court in awarding the motion for new trial would not, except in a clear case, be disturbed. This is the true limit of the rule that the decision of the trial court will not ordinarily be interfered with. But there must be facts for the court to exercise its discretion upon, and these facts must be sufficient to enable the appellate court to see that the trial judge had some legal evidence showing a legal ground for a new trial because of newly discovered evidence. In such a case, the rule applies which makes the exercise of the discretion of the trial court binding upon the appellate court in the absence of a palpable abuse, al-

though the latter court would have reached a different conclusion had it been called upon to exercise its own discretion in the first instance. In the language of the court in Clifford v. Railroad Co., 12 Colo. 125, 20 Pac. Rep. 333: "This rule should also be limited to cases wherein the ground on which the new trial was granted constitutes a legal ground for such order, and the alleged causes have an actual existence." An order granting a new trial is an appealable order. § 5236, subd. 3, Comp. Laws; Laws 1891, regulating appeals, § 24, subd. 3. This clearly indicates that the trial judge who grants a new trial must act, not arbitrarily, but upon facts showing a legal ground for a new trial. A principle important to be borne in mind on such an application is that the claim of newly discovered evidence is looked upon with suspicion; that the papers upon which the motion is based should be scanned in a spirit of distrust; and that the "strictest showing of diligence, and all other facts necessary to give effect to the claim," should be required by the court. Hayne, New Trials & App. § 87, and cases; People v. Sutton, 73 Cal. 243, 15 Pac. Rep. 86; Longley v. Daly (S. D.), 46 N. W. Rep. 247; Spottiswood v. Weir, 80 Cal. 448, 22 Pac. Rep. 289; Gaines v. White (S. D.), 47 N. W. Rep. 524. This salutary rule must have been ignored by the trial judge in awarding the new trial in this case.

The statement which Mr. Jordan in his affidavit swears that John D. Biggert made out and signed in his presence was not newly discovered evidence at all. The statement was offered in evidence on the trial, and on motion of counsel was stricken out after having been received in evidence in the deposition of John D. Biggert. It would appear, nothing to the contrary being known, from the affidavit of Mr. Jordan, that John D. Biggert himself made out the statement without any direction or aid from Joseph Leighton; and it is intended to carry the conclusion that, representing the parties, he had thus made an admission against their interests. But the inference which it is sought to have drawn, that the physical act performed by Biggert in making out this statement was the expression of his own knowledge of the matter, and hence an admission, is destroyed by what defendants themselves offered to prove by the testimony

. of John D. Biggert, who was sworn on behalf of defendants on the trial. They offered to prove by him that he made .out the statement from memoranda furnished him by Leighton; and he testified that he had no personal knowledge of the business of the boat. He could not bind the plaintiff by any statement, or thereby create evidence against him, as there is nothing to show that he had any authority to act for plaintiff, and there is no legal evidence that he was empowered to represent any one interested in the claim sued upon. The order granting a new trial is reversed, with costs. All concur.