SECURITY STATE BANK OF STRASBURG, NORTH DAKOTA, a Corporation, Respondent, v. PETER W. GROEN, John Haak, C. Rowerdink, Egidi Keller and Jacob Vander Vorste, Appellants.

(230 N. W. 298.)

Opinion filed March 17, 1930. Rehearing denied April 24, 1930.

*Sullivan, Hanley & Sullivan* and *Jacobsen & Murray,* for appellant.

*Charles Coventry, A. G. Divet, George W. Thorp,* and *C. C. Wattam,* for respondent.

Nuessle, J. Plaintiff brought this action to recover on a written contract of guaranty executed by the defendants. The complaint, after setting forth the necessary preliminaries, alleged the execution and delivery of the guaranty and the facts on which plaintiff relied to establish a liability under it. The defendants, answering, denied the execution of the contract on which the recovery was sought; denied that there was any consideration therefor; denied the delivery thereof; denied all the allegations of the complaint not admitted; and for affirmative defenses set up fraudulent representations on the part of the plaintiff in the transaction leading up to the execution of the contract of guaranty; fraud in the execution of the contract; and finally, a release of the guarantors. The case came on for trial to a jury. The defendants had a verdict. Thereafter the plaintiff moved for judgment notwithstanding the verdict or for a new trial. The court denied the motion for judgment non obstante but ordered a new trial. Thereupon the defendants perfected the instant appeal.

On this appeal, though perfected by the defendants, the plaintiff insists that it is entitled to judgment notwithstanding the verdict, and that we may order such a judgment if on a review of the record we find that plaintiff is entitled thereto. Unquestionably the statute empowers

this court to order judgment in such a case. See § 7643, Comp. Laws 1913, as amended by chapter 335, Sess. Laws 1923; Welch Mfg. Co. v. Herbst Department Store, 53 N. D. 42, 204 N. W. 849. But for the same reasons hereinafter stated requiring us to affirm the order granting a new trial as against the challenge of the defendants, we are not justified in saying that the trial court was wrong in denying the motion for judgment non obstante. On the other hand, the defendants vigorously contend that there is ample evidence in the record, if believed, to sustain the verdict and the trial court so stated in his memorandum opinion; that the new trial was granted wholly on the ground that the credible evidence was insufficient to sustain the verdict; that, in any event, the record is such that the defendants were entitled to a directed verdict; and that the order of the trial court must therefore be reversed.

As we have stated the action is brought to recover on a guaranty. In fact the issues are narrower than those made by the answer. The defendants say (using the language of their brief):

"The defense is that the signatures of the defendants to the guaranty were procured by covering up and mixing in with certain papers which the defendants were signing, the guaranty in question, and that they never knowingly or intentionally placed their names on the guaranty."

In addition to this defense, the defendants urge that they have been absolved from liability under the guaranty by the execution and delivery of releases by plaintiff to one of their number.

The trial judge when he made the order from which the defendants appeal, wrote a memorandum opinion in which he said:

". . . The record in this matter is long and the assignments are many. I find it unnecessary to consider them all, in detail, as a very few of them, which cover the real grounds of all of them, seem determinative of the motions.

"I think now as I thought at the time of trial, that there was an issue of fact, upon which there was some conflicting evidence, although the clear preponderance of it seemed to me to be on one side; yet, in such a case, a court can not and as our laws are, ought not to pass upon the sufficiency of the evidence even upon motions like this.

"The motion for judgment notwithstanding the verdict will be denied.

"I think the motion for new trial should be granted on several of the specified grounds, only two of which, however, need be considered.

"One determinative question of fact in the case was whether one R. was the agent of the defendants (the owners) to sell certain bank stock. The sellers all testified that he was not, and the other evidence tended to corroborate them. R. testified he was their agent. He made such a record in the trial of the case however, as to utterly discredit him to the extent that, according to all the rules given the jury for weighing evidence, his, upon this subject should have been entirely disregarded. The jury apparently paid no attention to the charge upon that subject, and found, as they must have to arrive at the verdict rendered, that his evidence as to the agency outweighed all there was in the record opposed to it. I am satisfied that because of the conduct of the trial, which was, at least, not to be commended to younger practitioners, the jury entirely disregarded the instructions upon this phase of the case, and, as the case is an important one, their verdict ought not to be permitted to stand.

"I think, also, that, as the case was tried, it is highly probable that the result may have worked grave injustice, which may be avoided upon another trial to another jury. The amount sought to be recovered is large; the determinative issue is simple and clear-cut; the verdict upon that issue rests upon the uncorroborated testimony of an interested witness, whose record, on the trial, renders his testimony unbelievable, and it is squarely contradicted by all the sellers of the bank stock, and by the circumstances appearing on the trial. I think this is a case where, on broad principles, a new trial should be granted in the furtherance of justice."

Subsequently, the matter having again come on for consideration before the trial court, on application of the defendants, the court, adhering to his original decision, wrote a further memorandum, saying:

"Nothing was advanced which changed my mind as to what should be done in this case. I am still of the opinion that the plaintiff's motion for judgment notwithstanding the verdict should be denied, and that its motion for a new trial should be granted in furtherance of justice.

"Mr. Murray requested that, in the order granting the new trial, I should specify the particulars in which I deemed the evidence insufficient to justify the verdict. That I can do only in a general way.

There is ample evidence, if believed, to support a verdict either way in this case. Some of it is shown by the record to be false; much more of it I think unworthy of belief. Both sides claimed fraud. I think the record convicts them both on such claims. I feel that no verdict should be permitted to stand on such a record, irrespective of which side happened to obtain it."

We will first consider the contention made by the defendants that the trial court abused his discretion in ordering a new trial in view of the statement in his memorandum that there was evidence in the record which, if credible, would support the verdict returned.

It is true the trial court did say that there was ample evidence in the record, if believed, to support the verdict returned. But he also said: "I think this is a case where on broad principles a new trial should be granted in furtherance of justice." The record is voluminous. There are a great number of exhibits. It will be unnecessary to comment on the evidence. It is enough to say that after a careful consideration of the record we are clear we cannot hold that the trial court who saw and heard the witnesses was not justified in the view he took of the case. Under the rule long established in this court and often-times approved, a trial court has a very wide discretionary power to grant new trials where in his judgment the ends of justice will be thus subserved. In the case of Martin v. Parkins, 55 N. D. 339, 213 N. W. 574, a suit for personal injuries, the defendant had a verdict. On motion of plaintiff the court granted a new trial on the erroneous theory that the defendant was negligent as a matter of law. On appeal to this court we refused to reverse the order and reinstate the verdict. We said in that case:

"While the trial court in considering the motion for a new trial seems to have adopted the erroneous theory that the defendants were guilty of negligence as a matter of law, nevertheless we are not disposed to reverse the order. The order itself recites that it was based, among other things, upon plaintiff's 'specifications of insufficiency of the evidence and facts claimed to be conclusively established.' So it seems to us that we must consider the order as one based upon the insufficiency of the evidence.

"Whether or not a new trial shall be granted rests largely in the sound discretion of the trial court. The action of the trial court in

this regard will not be disturbed on appeal unless there is an abuse of discretion, and where a new trial is granted on the ground that the evidence is insufficient to sustain the verdict or judgment, the reviewing court will consider and weigh the evidence only so far as may be necessary to determine the question whether the trial court acted within its discretion. See Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Lemke v. Dougherty, 53 N. D. 382, 206 N. W. 223; Standard Oil Co. v. Kennedy, 54 N. D. 31, 208 N. W. 555.

" 'And the appellate court will uphold the ruling of the trial court granting a new trial on a discretionary ground when it would have refused to disturb the decision of that court had a new trial been denied; and will sustain such order even though the trial court would have been justified in reaching a different conclusion, and although the appellate court might deem a different conclusion the better one. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; People v. Goldsworthy, 130 Cal. 600, 62 Pac. 1074. See also St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 425, 153 N. W. 416.' Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419.

"The distinction between the duties of trial courts and the reasons and rules governing in the performance thereof, and those of appellate courts in matters of this sort, is well stated in the case of Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619. We cannot do better than repeat what is there said: 'An examination of the grounds of the application for the order appealed from will at once develop the fact that the trial court, in disposing of the problem presented upon the application, was not governed by fixed rules of law, and in the nature of the case could not be governed by any inflexible rule of law. When motions of this nature are presented to a court, they are classified as motions addressed to the discretion of the court. In considering the evidence adduced or that newly discovered, no fixed rules of law exist which could be decisive of the result of the investigation. Under such circumstances a margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight

and credibility. Nor, in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderance of the evidence. Unrighteous verdicts sometimes are supported by apparently substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice. The rule that governs a court of review in this class of motions—that is, those which appeal to judicial discussion—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New Trials, § 97. This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases. The duties devolving upon a court of review in this class of cases are to be distinguished from those which govern in trial courts. In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion. See 14 Enc. Pl. & Pr. 930, 985, and cases in note 1; Taylor v. Scherpe & K. Architectural Co. 47 Mo. App. 257. The rule applicable here is analogous to that applied where a new trial is sought on the grounds of improper remarks made by counsel to a jury; that is, the granting or refusing the application is within the discretion of the trial court. See Watson v. St. Paul City R. Co. 42 Minn. 46, 43 N. W. 904, and Sunberg v. Babcock, 66 Iowa, 515, 24 N. W. 19. In the federal courts, as at common law, all motions for a new trial are addressed to the discretion of the trial court, and its ruling cannot be reversed. See 14 Enc. Pl. & Pr. 955. As to the application of this rule to newly discovered evidence, see id. 982, note 3, and Hayne, New Trials, p. 250. See also the South Dakota cases cited in Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205. In the case at bar the order appealed from granted a new trial. Such orders, when based upon the insufficiency of the evidence, are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not

decisive of the case, but, on the contrary, only open the way for a reinvestigation of the entire case upon its facts and merits. See Patch v. Northern P. R. Co. 5 N. D. 55, 63 N. W. 207; Hicks v. Stone, 13 Minn. 434, Gil. 398; Cowley v. Davidson, 13 Minn. 92, Gil. 86; Morrison v. Mendenhall, 18 Minn. 238, Gil. 212; also 14 Enc. Pl. & Pr. 978, 987, and cases in note 1; also id. p. 960.'"

In this connection see also State v. Stepp, 48 N. D. 566, 185 N. W. 812; State v. Weber, 49 N. D. 325, 191 N. W. 610; Kohlman v. Hyland, 56 N. D. 772, 219 N. W. 228. The reasoning of these cases requires that the order from which the defendants appeal be affirmed unless on the undisputed evidence in the record they were entitled to a directed verdict at the close of the whole case.

Without reciting the evidence here, it is sufficient to say that the only matters which are established in the record beyond controversy and without resort to the testimony of the witnesses which is in dispute, are that the guaranty upon which the suit was brought was signed by the defendants, and that subsequently the agent of the plaintiff (whether with or without authority and with or without consideration in the view we take of the matter is here immaterial) delivered to W. C. Rowerdink, the son of the defendant C. Rowerdink, certain instruments in writing, as follows:

"This agreement made and entered into . . . in these words:

"Whereas, the said party of the first part (plaintiff's agent) contracts to and with the said party of the second part (W. C. Rowerdink) to deliver to him releases of judgments against C. Rowerdink should same be obtained against him and others by and through certain guaranties, as follows: (describing the guaranty on which this action is brought)." And

"This agreement made and entered into . . . in these words:

"Whereas, the said party of the first part contracts and agrees to and with the said party of the second part that when judgment is obtained against Peter W. Groen, Egidi Keller, Jacob Vander Vorste, John Haak and C. Rowerdink, by and through a certain guaranty that in case of any executions or any collections made in any manner that the first party will take Peter W. Groen and Egidi Keller, first, jointly, and if that pays out in full, party of the first part is to deliver release of judgment on the others to party of the second part.

"In case Peter W. Groen and Egidi Keller are unable to satisfy judgment in full even upon sale of all of their property, then party of the first part is at liberty to take Jacob Vander Vorste and John Haak, jointly for the balance owing.

"Guaranty in question is as follows: (describing the guaranty upon which this suit was brought)."

The defendants contend that these instruments constitute releases from liability under the guaranty in favor of the defendant C. Rowerdink; that the liability under the guaranty was joint and several; that therefore all of the guarantors were thereby released. On the other hand, the plaintiff insists that the writings in question at most are but covenants not to sue; that construing them most favorably to the defendants they evidence merely an intention that after judgment shall have been obtained against all the parties to the guaranty the plaintiff will forbear as against the guarantor, C. Rowerdink; that accordingly they cannot be pleaded in bar in an action against all the guarantors; that they are in favor of the defendant Rowerdink only and that his remedy is by action for breach of covenant in case the plaintiff breaches the same. The trial court adopted this view, we think correctly. The intention of the parties must govern if the same can be ascertained from the writings. An examination of these instruments, giving them a construction most favorable to the defendants, discloses that they contemplate that an action might be brought on the guaranty and a judgment obtained thereon, and that when this was done (according to the first) that a release or satisfaction as to C. Rowerdink should be delivered to W. C. Rowerdink, and (according to the second) that after judgment was obtained against all the guarantors the plaintiff would resort first to the judgment debtors Groen and Keller and next to the judgment debtors Haak and Vander Vorste. Nowhere is there anything in these instruments to indicate that the cause of action was satisfied or intended to be satisfied. The contrary affirmatively appears. Under all of the authorities these instruments are at most merely covenants not to sue and cannot be established in bar to an action on the guaranty. So here if the plaintiff having obtained a judgment should seek to satisfy the same out of the property of the defendant Rowerdink contrary to the terms of the instruments, Rowerdink's remedy, if any, is by

action for the breach, and the measure of his damages, if any, the amount that he had been compelled to pay.

"A covenant not to sue a debtor or to forbear perpetually has from early times been held a bar to the original cause of action. This is to avoid circuity of action; for, if the plaintiff in the original action should recover, the defendant could recover precisely the same damages back for breach of the covenant to forbear or not to sue. Instead of permitting the double action, the court produces the same effect more simply by giving judgment for the defendant in the original action. But in case of a covenant not to sue one of two or more joint debtors the intention of the parties can be attained only by enforcing in terms both the original promise and the later covenant. For if in an action for the debt the covenantee had judgment, it would also discharge his co-debtors—a result not contemplated by the parties. But if the covenant is enforced in terms the obligee retains his right of action at law against all the joint debtors, becoming liable in turn to the one whom the covenant to forbear or not to sue was given for any damage which the latter may suffer by the breach of covenant. If any judgment obtained against the joint debtors is not satisfied out of the property of the covenantee, such damages can only be nominal. Accordingly such a covenant given to one joint obligor does not have the effect of a release and the debt is not discharged. The same effect is given to a release by the creditor which contains an express reservation of his rights against the other joint debtors." Williston, Contr. § 338. See also Bradford v. Prescott, 85 Me. 482, 27 Atl. 461; Hale v. Spaulding, 145 Mass. 482, 1 Am. St. Rep. 475, 14 N. E. 534; Matheson v. O'Kane, 211 Mass. 91, 39 L.R.A. (N.S.) 475, 97 N. E. 638, Ann. Cas. 1913B, 267; Musolf v. Duluth Edison Electric Co. 108 Minn. 369, 24 L.R.A. (N.S.) 451, 122 N. W. 499; Abb v. Northern P. R. Co. 28 Wash. 428, 58 L.R.A. 293, 92 Am. St. Rep. 864, 68 Pac. 954; note to Stone-Ordean-Wells Co. v. Taylor, L.R.A.1918E, at pages 99, et seq.

The order granting a new trial is affirmed.

Burke, Ch. J., and Burr, Birdzell and Christianson, JJ., concur.