OF

# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

## JUNE TERM, 1850, AT OTTAWA.

---

THE PRESIDENT AND MANAGERS OF THE NEW HOPE DELAWARE BRIDGE COMPANY, plaintiffs in error, *vs.* THEODORE PERRY and BOVILLE SHUMWAY, defendants in error.

### *Error to Cook County Court.*

Bank notes being negotiable by delivery merely, are not within the operation of our statute, and need not be endorsed, to enable the holder of them to maintain an action on them. The possession of such notes is evidence of ownership, unless it be shown that the holder obtained such possession *mala fide.*

A plea to an action brought against a bank, to recover the amount of notes issued by it, which recites a contract between the bank and A and B, by the terms of which the bank, on the security of an assignment of $90,000 of its stock, loaned $60,000 in its notes, to A and B, for one year, who agree to make such use of the notes as would best prevent their return to the bank for redemption, and to provide funds for such of them as should be presented to the bank for payment, &c., and avers that the notes sued on were delivered to A and B, in pursuance of such contract, were fraudulently delivered by them to the plaintiffs, to be put in suit for the benefit of A and B, does not constitute a bar to a recovery on the notes.

In an action against the maker of a note, made payable on demand, at a particular place, it is not necessary to aver and prove a demand at such place. The readiness to pay at the time and place, may be pleaded in bar of damages and costs.

This was an action brought by the defendants in error to recover of the plaintiffs in error the amount of certain bank bills, issued by the latter, being an insolvent banking corporation, in New Jersey. The cause came on to be heard before H. T. Dickey, Judge of the Cook County Court, and a jury, at May term, 1849, and a verdict found and judgment rendered for plaintiffs below, for the sum of $3,017. The questions submitted to and adjudicated by the Court, are sufficiently stated in the opinion.

ARNOLD & LAY, for plaintiffs in error.

LARNED and BENTLEY, for defendants in error.

Opinion by TREAT, C. J.:

The principal question in this case is, whether the holder of bank notes, made payable to bearer, or to a particular person or bearer, can maintain an action on the notes against the corporation issuing them. The statute provides that, "all promissory notes, bonds, due-bills and other instruments in writing, made or to be made, by any person or persons, body politic or corporate, whereby such person or persons promise or agree to pay any sum of money or articles of personal property, or any sum of money in personal property, or acknowledge any sum of money or article of personal property to be due to any other person or persons, shall be taken to be due and payable; and the sum of money or article of personal property therein mentioned, shall, by virtue thereof, be due and payable to the person or persons to whom the said note, bond, bill or other instrument in writing is made. Any such note, bond, bill or other instrument in writing, made payable to any person or persons, shall be assignable, by indorsement thereon, under the hand or hands of such person or persons, and of his, her or their assignee or assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee or assignees successively." R. S. ch. 73, secs. 3 and 4. It was decided by this Court, in the case of Hilborn *vs.* Artis, 3 Scammon, 344, that, under this statute, a promissory note, payable to a particular person or bearer, could not be transferred by delivery merely, so as to authorize the holder to sue thereon in his own name; in other words, that an action on the note could only be maintained in the name of the payee, or the person to whom it had been transferred by indorsement. The note, in that case, was one made in the ordinary course of business between individuals. It is contended that bank notes are equally within the provisions of the statute, and consequently subject to the decision in Hilborn *vs.* Artis. We purposely forbear, at this time, any discussion respecting that decision, as the result of this case does not at all depend on its correctness. The statute of 3d and 4th Anne, ch. 9, which

made promissory notes transferable in the same manner as bills of exchange were, by the custom of merchants, was never in force in this state. R. S. ch. 62, sec. 1. Hence the necessity of our statute, in order to render promissory notes negotiable. Without the aid of legislation, they could not be so transferred as to vest the legal interest in the assignee. The object of the statute was to put promissory notes, as respects their negotiability, on the footing of bills of exchange. Such was the scope and design of its provisions. It is a remedial, not a restraining statute. It applies only to instruments that were not negotiable by the common law, or the custom of merchants. Bank notes were negotiable at common law, without reference to any British statute. They were regarded as cash, and passed from hand to hand, without any other evidence of title in the holder than what arose from the possession. In the leading case of Miller *vs.* Race, 1 Burrow, 452, it was decided that a bank note, though stolen from the owner, became absolutely the property of the party who had received it for value, without notice of the robbery. Lord Mansfield, in delivering the judgment of the Court, said : " It has been very ingeniously argued by Sir Richard Lloyd, for the defendant. But the whole fallacy of the argument turns upon comparing bank notes to what they do not resemble, and what they ought not to be compared to, viz : to goods, or to securities, or documents for debts. Now they are not goods, not securities, nor documents for debts; nor are so esteemed, but are treated as money, as cash, in the ordinary course and transaction of business, by the general consent of mankind; which gives them the credit and currency of money, to all intents and purposes. They are as much money as guineas themselves are, or any other current coin, that is used in common payments, as money or cash. They pass by a will, which bequeaths all the testator's money or cash, and are never considered as securities for money, but as money itself. Upon Lord Ailsbury's will, £900 in bank notes was considered as cash. On payment of them, whenever a receipt is required, the receipts are always given as for money, not as for securities or notes. So on bankruptcies, they cannot be followed as identical and distinguishable from money, but are always considered as money or cash." See, also, to the same effect, 1 Salkeld, 126, pl. 5; and Wright *vs.* Reed, 3 Durnford & East, 554. Bank notes,

then, being negotiable by the common law, by delivery merely, are not within the operation of our statute. The possession of such notes affords *prima facie* evidence of title in the holder; and he is entitled to maintain an action on them, unless it is shown that he obtained the possession *mala fide.*

The next question relates to the sufficiency of the second plea, as amended. This plea recites a contract between the bank and Curtiss & Mitchell, by the terms of which, the bank, on the security of the assignment of $ 90,000 of its stock, loaned $ 60,000, in its notes, for one year, to Curtiss & Mitchell, who agreed to make such use of the notes as would best prevent their return to the bank for redemption, and provide funds to redeem such of them as should be presented for payment; and the bank was to pay an interest of six per cent. on all sums deposited with it for the redemption of the notes until used for that purpose, and Curtiss & Mitchell were to pay three per cent. interest on all the notes put in circulation by them. The plea then alleges, that the notes sued on were received by Curtiss & Mitchell in pursuance of the contract, who, instead of putting them in circulation, in the manner best calculated to prevent their return to the bank, and providing funds for their redemption, fraudulently delivered them to the plaintiffs, by whom they were so received, for the purpose of being put in suit against the bank, in the name of the plaintiffs, but for the exclusive benefit of Curtiss & Mitchell. In our opinion, the facts stated in the plea constitute no bar to a recovery on the notes. By their delivery under the contract, the notes became the property of Curtiss & Mitchell. As the owners, they had the legal right to dispose of them in any way they pleased. The fact that they did not fulfil the stipulations of the contract, which were to be performed after the receipt of the notes, did not divest them of their title, nor disable them from transferring that title to others. The notes were loaned to Curtiss & Mitchell, as so much cash, not deposited with them for a special purpose. The delivery was absolute, not qualified; the title was complete, not conditional. The title carried with it a present legal right of action against the bank. If Curtiss & Mitchell failed to perform the covenants in the contract, they are liable to the bank for the damages it sustained thereby; but the breach of those covenants cannot be pleaded in bar of an action on the notes. It

may be that the damages could be set up by way of set-off, if this suit was, in fact, brought for the benefit of Curtiss & Mitchell. But that question is not presented. The plea attempts to defeat the action solely on the ground that Curtiss & Mitchell have not complied with some of the stipulations of the contract— stipulations that were to be performed after their title to the notes was acquired, and upon the fulfilment of which the continuance of that title in no degree depended.

There is another question reserved on the record. Some of the notes are payable on demand, at the office of the bank; and, as to them, it is insisted, that no cause of action can accrue until the notes have been there presented and payment demanded. It is well settled in this country that, in an action against the maker of a note, made payable at a particular place, it is not necessary to aver or prove a demand of payment at such place. If the maker was ready at the time and place to make payment, he may plead that fact as he would plead a tender, in bar of damages and costs, by bringing the money into Court. Butterfield *vs.* Kinzie, 1 Scammon, 445: Wallace *vs.* McConnell, 13 Peters, 136; Caldwell *vs.* Cassidy, 8 Cowen, 271; Ruggles *vs.* Patten, 8 Mass., 480. Nor is a presentment necessary on a bank note, payable on demand at a particular place. The bringing of a suit is a sufficient demand of payment. If the bank, in such case, shows that it was ready to make payment at the place, when the suit was commenced, and brings the money into Court, it discharges itself from interest and costs. Haxton *vs.* Bishop, 3 Wendell, 13.

We are satisfied with all of the rulings of the County Court, and affirm its judgment, with costs.

*Judgment affirmed.*