## DeWitt C. Barber

### *v.*

### James Bell.

1. ASSIGNOR AND ASSIGNEE—*demand of payment of note at place of payment not necessary, to hold assignor.* In a suit by the assignee of a promissory note, made payable at a particular place, against the assignor, the plaintiff is not bound to aver and prove a demand of payment of the maker of the note at the place where it is payable.

2. SAME—*no diligence required where the maker resides out of the State.* Under the statute, the assignor of a promissory note, indorsed by him in this State, is liable, where the maker has absconded or left the State, when the same falls due; and it makes no difference that the maker resided out of the State when the note was given. In such a case, the assignee is not bound to bring attachment against the maker to reach any property he may have in the State, to hold the assignor liable.

APPEAL from the Circuit Court of Perry county; the Hon. Amos Watts, Judge, presiding.

Messrs. Davis & Hammack, for the appellant.

Mr. Geo. W. Wall, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by James Bell, in the circuit court of Perry county, against DeWitt C. Barber, on an indorsed note given by E. C. Dawes & Co., pay-

able to DeWitt C. Barber, and by him indorsed, before maturity, to the plaintiff.

The parties, by agreement, dispensed with a jury, and a trial was had before the court, which resulted in a judgment in favor of the plaintiff. The defendant, Barber, brings the record here by appeal.

The makers of the note resided in the State of Ohio, but the indorsement was made in Perry county, Illinois, where appellant resided.

The note was executed September 2, 1872, due in six months. An agreement was, however, made in January, 1873, between appellant, appellee, and the makers of the note, by which the time of payment was extended twelve months, without prejudice to the rights of appellee as indorsee.

A further extension was given until the 25th of December, 1874, by consent of appellant. The makers of the note were not sued, but this suit was instituted at the April term, 1875, against appellant, as indorser.

In two counts of the declaration it is averred that the makers of the note, when it matured, were not residents of the State, and have not been since. The other counts aver the insolvency of the makers, and that suit against them would have been unavailing.

The note was payable at the Merchants' National Bank, Cincinnati, Ohio, and it is insisted by appellant that no recovery could be had against him without proof that the note was presented for payment at the place where, by its terms, it was payable.

The note was indorsed in this State, and the contract between the indorser and indorsee must be governed by the laws of this State.

In this State the law is well settled, that appellee was not bound to aver or prove a demand of payment of the makers of the note at the place where it was payable, and it is not necessary to enter upon a discussion of the question. *New Hope Delaware Bridge Co.* v. *Perry*, 11 Ill. 467; *Wood & Co.*

· v. *Merchants' Saving, Loan and Trust Co.*, 41 Ill. 267; *Wilder* v. *De Wolf*, 24 Ill. 190.

It is, however, urged by appellant, that, as appellee used no diligence to collect the note from the makers, he is not liable as indorser.

Under the statute of 1845, there are three contingencies under which the indorser may be held liable:

1st. Where the assignee, by the exercise of due diligence, prosecutes the maker to insolvency.

2d. Where the institution of a suit against the maker would be unavailing.

3d. Where the maker has absconded, or left the State, when the note falls due.

In *Schuttler* v. *Piatt*, 12 Ill. 418, it was held, that, if the maker of the note is beyond the limits of the State when the note matures, so that he can not be subjected to our jurisdiction, the liability of the assignor becomes fixed. In that case, as in the one before us, the makers of the note resided in another State, and that fact was known to the assignee of the note when he purchased, but the court held that such fact did not vary the liability of the indorser.

*Mason* v. *Burton*, 54 Ill. 350, was a case where the maker of the note resided in Wisconsin. The payee of the note indorsed it in Chicago. It was held that the assignee of the note was under no obligation to follow the maker out of the jurisdiction of his own State, but, when the note became due, the fact that the maker of the note was in a foreign jurisdiction, gave the assignee a right of action against the indorser.

Whether the makers of the note resided out of the State when the note was given, or whether they left subsequently to the execution of the note, can make no difference; in either event, the liability of the indorser is the same.

It is, however, urged by appellant that the makers of the note had property within the State, and appellee was bound to attach the same.

It was in proof that Dawes & Co. had, in the county of Perry, some eight tons of railroad iron, worth about $60 per ton, which was in the possession of appellant, and a portion of it in use on a railroad.

In addition to this, it was shown that Dawes & Co. held deeds of record for certain town lots, but whether they held a legal title to the property, it does not appear.

It was also shown that Dawes & Co. were largely indebted; that they owed appellant $15,000; that they had suspended payment. Under such circumstances, had appellee attached, there is no probability that any portion of his debt could have been made.

But we are of opinion that appellee was under no obligation to attach property of the makers of the note. When the note matured, the makers were without the jurisdiction of the State. Under the statute, the liability of appellant as indorser of the note became fixed, and appellee was not bound to incur the expense and risk of attachment suit.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*