## EDWIN A. COOK *vs.* MARK GOOGINS.

Suffolk.   March 27. — 28, 1879.   AMES & LORD, JJ., absent.

The St. of 1874, *c.* 404, providing that "all persons becoming parties to promissory notes payable on time by a signature in blank on the back thereof, shall be entitled to notice of the non-payment thereof the same as indorsers," does not apply to a note made before the passage of the statute.

CONTRACT upon a promissory note, dated January 28, 1874, payable eighteen months from date to the order of the plaintiff, and signed by Albert A. Cole. The defendant's name was on the back of the note. Writ dated February 16, 1878. Answer, want of demand and notice.

At the trial in the Superior Court, before *Aldrich*, J., without a jury, the plaintiff offered the note in evidence, and it was admitted that the defendant put his name upon the back of the note at its inception, and before its delivery to the payee, but there was no evidence of demand upon the maker, or notice of non-payment to the defendant.

The defendant asked the judge to rule that, under the St. of 1874, *c.* 404, without such evidence of demand and notice, the action could not be maintained. But the judge refused so to

rule; and ruled that the above statute was prospective and not retroactive in its operation, and did not apply to a note given before the statute took effect; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*R. H. Thompson,* for the defendant.

*C. F. Loring,* for the plaintiff, was not called upon.

By THE COURT. The St. of 1874, *c.* 404, which provides that " all persons becoming parties to promissory notes payable on time, by a signature in blank on the back thereof, shall be entitled to notice of the non-payment thereof, the same as indorsers," cannot, consistently with settled rules of interpretation, be construed to require, or to have been intended to require, any additional act to fix a liability under a positive and unconditional contract made before its passage.

*Exceptions overruled.*