GEORGE E. SPAULDING *vs.* J. D. PUTNAM & another.

Middlesex.   Jan. 13. — Feb. 5, 1880.   COLT & LORD, JJ., absent.

A person, who, before the St. of 1874, *c.* 404, put his name on the back of a promissory note, before delivery to the payee, is liable as joint promisor; and it is immaterial that he indorsed the note without consideration, at the request of the maker, for the accommodation of the payee, if the payee did not authorize such a request, or know of its being made.

CONTRACT against J. D. Putnam and A. E. Conant, as joint promisors upon the following promissory note: " Boston, December 10, 1872.   Four months after date I promise to pay George E. Spaulding or order ten hundred and twenty-six dollars, value received, with interest.   J. D. Putnam." Conant's name appeared on the back of the note.   Writ dated April 4, 1878.   Trial in the Superior Court, without a jury, before *Putnam,* J., who found the following facts:

In 1872, the defendant Putnam owed the plaintiff for wood which the latter had sold to him.   The plaintiff called upon him

for payment, Putnam asked him to wait a little longer, and the plaintiff then told him that, if he would get a note signed by A. E. Conant, or by one Tripp, he would take such a note on four or six months' time in payment of the account. Putnam replied that he would come in a few days and bring him such a note. He came soon after and handed the plaintiff the note in suit, signed by himself, but with no other name upon it. The plaintiff took it and looked at it, and immediately handed it back to Putnam, saying that he would not take it. Putnam took the note again, said he would see Conant, and called on Conant about a week afterwards, and, producing the note, said, " Mr. Spaulding wishes me to ask you if you will indorse this note for his accommodation, so that he can get it discounted at some bank." Thereupon Conant, saying he was willing to indorse the note for Spaulding's accommodation, wrote his name upon the back of it, but without any consideration. The plaintiff did not authorize Putnam to say this to Conant, and did not know of the conversation. In the course of a month, Putnam sent the plaintiff the same note, with the name of Conant upon the back of it. The plaintiff retained the note, and applied it in payment of Putnam's account, and has held the note since that time.

Upon these facts, Conant contended that he was not legally liable on the note; and asked the judge so to rule. The judge declined so to rule ; found that Conant put his name upon the note for the accommodation of Putnam, and not for the accommodation of the plaintiff, and before its acceptance by the plaintiff ; and ordered judgment for the plaintiff, for the amount of the note and interest. The defendant Conant alleged exceptions.

*R. B. Caverly*, for Conant.

*W. H. Bent & F. T. Greenhalge*, for the plaintiff.

ENDICOTT, J. Upon the facts reported, the presiding judge was justified in finding that the defendant Conant was liable on the note as an original promisor. The note was made in 1872 by the defendant Putnam, payable to the plaintiff, and, before delivery, was indorsed by Conant. The conversation that passed between Putnam and Conant, at the time Conant was persuaded to put his name on the note, was immaterial, if not known to

the plaintiff, and if he had not authorized Putnam to request Conant to indorse it for his own accommodation. If the intention or understanding with which Conant indorsed it was not known to the plaintiff when he received it, he had the right to rely upon the contract entered into by Conant, as it appeared in the note itself, and could properly assume that Conant intended to give him security for the debt of Putnam. The fraud of Putnam in procuring the signature of Conant cannot operate to the injury of the plaintiff. *Patch* v. *Washburn*, 16 Gray, 82. *Sweetser* v. *French*, 2 Cush. 309. *Wareham Bank* v. *Lincoln*, 3 Allen, 192. The St. of 1874, *c.* 404, has no application to this case. *Cook* v. *Googins*, 126 Mass. 410.

*Exceptions overruled*