JOHN H. BRADFORD *vs.* NOAH M. PRESCOTT.

Aroostook.   Opinion June 1, 1893.

*Promissory Notes.   Indorsement.   Evidence.   Release.*

As between original parties to a note, and those occupying their position, the nature of the contract, as well as the consideration upon which it is founded, is open to inquiry.

Thus, the relative time at which the indorsements were made, and the agreement or understanding as to the nature of such indorsements, are proper subjects of inquiry between such parties in determining their relative liability to each other.

But as against an innocent indorsee for value, in the regular course of business, a different rule applies, and prohibits a defendant from asserting any extrinsic matter to vary the apparent liability exhibited by the note itself.

And when one, not a party to a note, either as payee or indorsee, has put his name upon it at its inception, he thereby becomes an original promisor; and if there is no date as to such indorsement, the presumption is that it was made at the time when the note had its inception.

Nor does the use of the words "waiving demand and notice" in the least weaken the effect of this presumption.

A release may be given to one of several debtors, and if the holders' rights are reserved against the others, the debt can still be collected of them.

Nothing but a technical release under seal can operate as a discharge of two joint and several debtors, where a part only of the debt is paid by one.

ON REPORT.

This was an action against the defendant as a joint and several promisor upon a note in the following form :

"$302.00.                              Caribou, Nov. 22d, 1889.

Four months after date I promise to pay to the order of F. M. York Three Hundred and Two Dollars.   Payable at any bank in Maine.   Value received.                  D. M. Moody.

Waiving demand and notice,   N. M. Prescott.

Waiving demand and notice,   F. M. York."

The plaintiff discounted the note before its maturity, for value, in the form as it appears above, and obtained the note from the payee without notice for whose benefit it was originally given, other than what is shown by the note itself.   The defendant contended that his liability was that of a guarantor only ; and relied for further defense upon a release given by the plaintiff to said Moody, not under seal, of the following form :

"I, John H. Bradford of Houlton, Aroostook county, Me., in consideration of the payment to me of $130, hereby surrender to said Moody, . . . and release to said Moody, his heirs, executors, administrators and assigns for myself, my executors, administrators and assigns all claim, suits, or causes of action I have against said Moody by reason of the signature of said Moody on a promissory note dated Nov. 22, '89, on 4 mo. for $302, payable to order of F. M. York. John H. Bradford."

At the same time, when this release was given, Moody requested that the note now in suit might be given up with the other notes that were then surrendered. He was informed, however, that it was not to be surrendered; that Prescott was good, and the note was to be collected of him, he not being affected by this agreement.

*Madigan and Madigan*, and *L. C. Stearns*, for plaintiff.

*Wilson and Lumbert*, and *Powers and Powers*, for defendant.

Defendant's contract was collateral to that of Moody, and was in its nature a guaranty of Moody's promise. *Stone* v. *White*, 8 Gray, 593; *Colburn* v. *Averill*, 30 Maine, 310; *Bray* v. *Marsh*, 75 Maine, 455. Words, "waiving demand and notice," not meaningless, but notice that defendant signed as a guarantor, and so entitled to notice. *Bray* v. *Marsh*, *supra*; Sto. Pr. Notes, 7th Ed. § 460, Words not redundant. *Heywood* v. *Heywood*, 42 Maine, 229.

Prescott signing as he did has been held as an indorser. *Stoddard* v. *Penniman*, 108 Mass. 369; *Pierce* v. *Mann*, 17 Pick. 244. Being a guarantor only, he was discharged by the release to Moody. Sto. Pr. Notes, 7th Ed. § 485; Edw. Bills, 3d Ed. § 311.

FOSTER, J. The plaintiff, in the regular course of business, purchased of the payee the note in suit before it became due. Upon its face it bore the signature of the maker, and across the back, below the words "waiving demand and notice," was the defendant's name. When the note was transferred to the plaintiff the payee indorsed the same, waiving demand and notice, below the name of the defendant.

The payee, after the execution and delivery of the note to him by the maker, procured the signature of the defendant without consideration, and for the purpose of getting the note discounted. The defendant, therefore, was not a party to the note when it was made, and did not partake in the consideration given. He affixed his name to the note while it was in the hands of the payee. Had the plaintiff been cognizant of these facts at the time he purchased the note he certainly would not be entitled to recover of this defendant, either as an original promisor or guarantor. *Sawyer* v. *Fernald*, 59 Maine, 500.

But the case finds that the plaintiff was an innocent purchaser —that of these facts the plaintiff had no information, except such as he would obtain from an inspection of the note itself.

As between the original and immediate parties to the contract, or those occupying their position and having no superior rights, the nature of the contract, as well as the consideration upon which it is founded, is always the subject of inquiry until once judicially determined. *Sturtevant* v. *Randall*, 53 Maine, 149 ; *Smith* v. *Morrill*, 54 Maine, 48.

As between such parties, the relative time at which the indorsements were made, as also the understanding or agreement as to the nature of such indorsements, is frequently the subject of inquiry in suits between such parties in reference to their relative liability to each other. As to them the instrument itself is only *prima facie* evidence of the contract implied by law. *Patten* v. *Pearson*, 57 Maine 428.

But as against an innocent indorsee for value, in the regular course of business, a different rule applies, and prohibits a defendant from asserting any extrinsic matter to vary the apparent liability exhibited by the note itself. " By permitting their paper to go into circulation, " say the court in *Smith* v. *Morrill, supra,* " with no evidence upon it of any other contract than that implied by law, parties in effect represent to *bona fide* holders, and as against them, will be estopped to deny that the implied contract is the true one."

The courts, following the usage and customs prevalent in mercantile circles, invariably hold that the innocent holder for value without notice is to be protected in construing the agree-

ment he has obtained title to, as a reasonable man would construe it. It would be impossible to ascertain the understanding which the parties had privately as to who should or should not be holden. Having failed to make this meaning plain in the written contract, they should be forever estopped, as to such purchaser, from setting up any defense not to be inferred from such contract.

Accordingly, it is held in Maine and Massachusetts, that the obligation which the signer of commercial paper assumes to the taker is to be determined by an inspection of the note as it was when negotiated. *Stevens* v. *Parsons*, 80 Maine, 353 ; *Bigelow* v. *Colton*, 13 Gray, 309 ; *Spaulding* v. *Putnam*, 128 Mass. 363, 365.

It is the settled doctrine of these states, that one not appearing to be a party, either as payee or indorsee, to a note payable to a payee therein named or his order, who puts his name on the back of it in blank at its inception and before negotiated, is a joint and several promisor. The legal presumption in such case is that it was done for the same consideration with the contract on the face of the note. And when there is no date as to such indorsement, the presumption is that it was made at the time when the note had its inception. *Colburn* v. *Averill*, 30 Maine 310 ; *Lowell* v. *Gage*, 38 Maine, 35 ; *Childs* v. *Wyman*, 44 Maine, 433 ; *Bank* v. *Lougee*, 108 Mass. 371, 373. This presumption will prevail in favor of an innocent indorsee for value before due, and in the regular course of business ; and his rights cannot be infringed by proof of any extrinsic facts which might affect the original parties to the contract or those occupying their position and having their rights only. *Sturtevant* v. *Randall*, 53 Maine, 149, 157 ; *Smith* v. *Morrill*, 54 Maine, 48, 53 ; *Malbon* v. *Southard*, 36 Maine, 147.

The plaintiff, having had the note in suit presented to him by the payee, before due, and being ignorant of any facts except such as he might obtain from an inspection of the note itself, found the defendant's name upon it. He had a right to presume it was placed there at the inception of the note and before its delivery to the payee, (*Moore* v. *McKenney*, 83 Maine, 80, 85, and cases cited) and, as to the plaintiff, the defendant must be

considered a joint and several promisor. By signing the note as he did, without date, before transfer or indorsement by the payee by whom it was negotiated to the plaintiff, the defendant left the innocent purchaser to presume that he signed in the usual manner and not after the note's inception.

Nor does the use of the words "waiving demand and notice" in the least weaken or affect this presumption. They are words applicable to an indorser and not to an original promisor, or one primarily liable by presumption of law or in fact, and are therefore mere surplusage. *Malbon* v. *Southard*, 36 Maine, 147; *Lowell* v. *Gage*, 38 Maine, 35; *Childs* v. *Wyman*, 44 Maine, 433; *Pearson* v. *Stoddard*, 9 Gray, 199, 201.

Since the defendant is a joint and several promisor, the writing given by the plaintiff to Moody, the maker of the note, releasing to him, "his heirs, executors, administrators and assigns, all claim, suits or causes of action" which he had against said Moody by reason of his signature on this note, constitutes no defense to this suit. It was not under seal. The defendant was in no way a party to the agreement relied on, nor were any of the rights he might have against the parties to the note impaired or affected. There was no settlement or surrender of the note. On the contrary, it was expressly understood at the time the agreement was made that the debt was not settled. Nothing contained in the agreement cuts the life of the note in the least. It amounts to a promise not to demand money of Moody. It in no way cuts off any rights which the defendant might have against him. The whole tenor of the instrument is to the effect of releasing no rights which the plaintiff had against this defendant. If such reservation be not in express terms, it certainly exists by implication. Undoubtedly a release of one joint debtor, or one joint and several debtor, may be such as to release all. But a release may be given to one of several debtors, and if the rights are reserved against the others, the debt can still be collected of them. This principle is established by numerous authorities, and requires no further discussion. *Bank* v. *Marshall*, 73 Maine, 79; *Benton* v. *Mullen*, 61 N. H. 125, and cases cited; *McAllester* v. *Sprague*, 34 Maine, 296, 297,

298; *Sohier* v. *Loring*, 6 Cush. 537; *Potter* v. *Green*, 6 Allen, 442; *Dickinson* v. *Bank*, 130 Mass. 132.

Nothing short of a technical release under seal, however, can operate as a discharge of two joint and several debtors, where a part only of the debt is paid by one. This matter has been settled too long and ratified too often to admit of any question in this State. It was first declared in *Walker* v. *McCulloch*, 4 Maine, 421, and re-affirmed in *McAllester* v. *Sprague*, 34 Maine, 296; *Drinkwater* v. *Jordan*, 46 Maine, 432, and in *Bank* v. *Marshall*, 73 Maine, 79.

Formerly a more strict and techincal rule prevailed; but the weight of authority now is more liberal, and though technical words of release are used, the intention of the parties is sought in construing the instrument as a whole, the circumstances of the case and the relations of the parties being taken into consideration; and if it is found that it was not intended as a release of the whole debt, it will be construed as only an agreement not to charge the party to whom the release is given, and will not be permitted to have the effect of a technical release. In such case it has no greater effect than an agreement or covenant to discharge, or not to sue, which is never regarded as a release, and when given to one of several joint debtors is never construed as a release to the others. *Lacy* v. *Kynaston*, 2 Salk. 575; *Dean* v. *Newhall*, 8 T. R. 168; *Bank* v. *Messenger*, 9 Cowan, 37; *Walker* v. *McCulloch*, 4 Maine, 421; *McAllester* v. *Sprague*, 34 Maine, 296; *Durell* v. *Wendell*, 8 N. H. 369, 372; *Benton* v. *Mullen*, 61 N. H. 125; *Shaw* v. *Pratt*, 22 Pick. 305; *Pond* v. *Williams*, 1 Gray, 630; *Burke* v. *Noble*, 48 Penn. St. 168; *Bonney* v. *Bonney*, 29 Iowa, 448; *Parmelee* v. *Lawrence*, 44 Ill. 405, 410-413. 1 Pars. Con.* 28.

And the remedy of the party to whom such an agreement is given, if afterwards molested on account of the debt, is by a special action founded upon such agreement; it cannot be pleaded in bar of an action against all, or set up in defense. *Drinkwater* v. *Jordan*, 46 Maine, 432; *Walker* v. *McCulloch*, 4 Maine, 421; *McAllester* v. *Sprague*, 34 Maine, 296; *Berry* v. *Gillis*, 17 N. H. 13; *Benton* v. *Mullen*, 61 N. H. 125, 128.

It would be otherwise in the case of a technical release under seal given to one of several joint debtors.

But the instrument introduced in defense is not of that nature, and constitutes no defense to this action.

*Judgment for plaintiff.*

PETERS, C. J., LIBBEY, EMERY and WHITEHOUSE, JJ., concurred.

