### John A. Hinsey v. Studebaker Brothers' Manufacturing Co.

1. PROMISSORY NOTES—*Presumptions as to Guaranty of by Payee.*—In order to give a promissory note negotiability it must be indorsed by the payee, and no presumption can be indulged that a guaranty appearing on a promissory note was on the note when it was indorsed by the payee or that he authorized the placing of such indorsement above his name; and in a suit on a guaranty of a promissory note where the execution of the guaranty is denied by a plea properly verified the burden of proof is on the plaintiff to establish not only that the signature appearing on the back of the note is that of the defendant but that the guaranty was on the note before he indorsed it or that he authorized it to be placed thereon.

2. SAME—*Steps Necessary to Render an Indorser Liable.*—In order to hold the payee of a promissory note liable as indorser the note must be presented to the maker at maturity and payment demanded, the indorser notified of nonpayment and the note protested, or some valid excuse must be given for a failure to present for payment.

**Assumpsit,** against the indorser of a promissory note. Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 27, 1898.

MOSES, ROSENTHAL & KENNEDY attorneys for plaintiff in error.

REMY & MANN attorneys for defendant in error.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

The Kansas City Omnibus & Carriage Co., a Missouri corporation, by its president on August 20, 1891, made its two promissory notes of that date, one for $2,866.67, and the other for $2,866.66, payable four and three years after date, respectively, to the order of John A. Hinsey, at the Missouri National Bank of Kansas City, Mo., with interest after date at 7 per cent per annum until paid, payable semiannually. On each note appears indorsed, beside payments of interest, the following: "I hereby assign the within note to Studebaker Bros. Manufacturing Co., and guarantee its payment at maturity. J. A. Hinsey."

On the note for $2,866.66 is also indorsed a payment of $1,705.94. No other indorsements appear on either of the notes. Defendant in error brought suit on said notes against Hinsey, the first and second counts of its declaration charging him specially as guarantor, to which were added the common counts. Hinsey filed the general issue sworn to, and a special plea to the first and second counts, denying the guaranties and each of

them with an affidavit averring the truth of the plea in substance and in fact.

Subsequently defendant in error filed two additional special counts, charging Hinsey as indorser of each of said notes, and alleging that at the time each note became due the maker, the Kansas City Omnibus & Carriage Co., was and has been and now is a resident of Missouri, and that said maker was not and has not been at any time before, at the time or since the maturity of each of said notes, a resident of the State of Illinois. To each of the additional counts Hinsey filed the general issue sworn to. At the close of plaintiff's evidence, the court overruled defendant's motion to direct a verdict for him, and no further evidence being offered, the court also instructed the jury to find the issues for the plaintiff and assess the plaintiff's damages at $5,381.40; a verdict was found accordingly, defendant's motion for a new trial was overruled, and judgment rendered against defendant for said amount.

The only errors assigned which we think it necessary to consider, are whether the court erred in overruling defendant's motion to instruct a verdict for him, and in instructing a verdict for plaintiff and rendering judgment thereon.

The evidence of plaintiff as to the guaranty was by one witness, who testified that he knew the signature of Hinsey, and that his signature was indorsed on each of the notes. On cross-examination he testified, viz.:

"I find the name of J. A. Hinsey only once upon each note on the back. The name J. A. Hinsey on the back is his signature. I did not see him write it on the note, but I have seen him write his name repeatedly. I swear that this is his signature, to the best of my knowledge and belief. The checks which I had seen him write once he signed John A. Hinsey."

After re-direct examination he further testified, viz.:

"Mr. Moses: In whose handwriting is the statement above the signature of J. A. Hinsey?

"A. I don't know, sir.

"Q. When you first saw the note, was that statement on the note?

"A. Yes, sir. When I first saw the notes.

"Q. Who handed them to you?

"A. They came to us through our attorneys, Messrs. Remy & Mann.

"Q. But you don't recognize the handwriting?

"A. I do not; no, sir.

"Q. At the time when the notes were brought to you or were given to you by your attorneys, was Mr. Hinsey present?

"A. No, sir.

"Q. Nor any one representing him?

"A. No, sir."

No other evidence as to the guaranties nor when they were written, was given. Defendant objected to the introduction of the notes in evidence; his objection was overruled and exception taken.

No evidence was offered of the presentation for payment of either of the notes to the maker on the day of maturity, nor of protest, nor of any excuse for failure in that regard, nor of the law of Missouri as to the liability of indorsers of promissory notes.

The burden of proof, by reason of the denial of the guaranties by defendant, under oath, was on the plaintiff in that regard. He only proved the signature of defendant, and failed to prove when or by whom the guaranties over his name were written. Hinsey being the payee, it was necessary for him to indorse the note to give it negotiability, and no presumption can be indulged that the guaranties were written on the notes when he signed his name, nor that he authorized them.

It would be different were he a stranger to the notes. Dietrich v. Mitchell, 43 Ill. 40–4, and cases cited.

In this case the Supreme Court say: "To hold that any person through whose hands a note may pass, can write a guaranty over a blank indorsement, and then require the indorser to disprove it, would be fruitful of fraud and dangerous to every person who has occasion to receive and indorse a promissory note."

The notes in question became due August 20, 1894, and August 20, 1895, respectively, are payable in money, and there being no evidence of their presentation to the maker at maturity, nor any excuse for failure to present for payment, nor of protest, there can be no liability of Hinsey as indorsee under "the custom of merchants." The statute of this State (Sec. 7, Ch. 98, Hurd's Rev. Stat. 1897, p. 1108), in force when these notes matured and when this suit was brought, was, viz.:

"The rights of the lawful holders of promissory notes *payable in money* and the liability of all parties to or upon said notes shall be the same as that of like parties to inland bills of exchange according to the custom of merchants. Every assignor of *every other note*, bond, bill or other instrument in writing mentioned in Section 3 of this act, shall be liable to the action of the assignee or lawful holder thereof, if such assignee or lawful holder shall have used due diligence by the institution and prosecution of a suit against the maker thereof, for the recovery of the money or property due thereon, or damages in lieu thereof. But if the institution of such suit would have been unavailing, or the maker had absconded or resided without or had left the state when such instrument became due, such assignee or holder may recover against the assignor as if due diligence by suit had been used."

Plaintiff's remedy was under the law of Illinois, in force when the suit was commenced.

"The custom of merchants," which, by the statute, fixed the rights of plaintiff as against Hinsey, required that in order to hold him liable, the notes should have been presented to the maker at their maturity and payment demanded, and it not being made, the indorsee should have been notified and the notes protested for non-payment, or some valid excuse for a failure to present for and demand payment should be made. Story on Bills, Secs. 323, 327, 333, 344 and 346; Story on Promissory Notes, Secs. 241, 297; 2 Greenleaf's Evid., Secs. 179, 181 and 183; 2 Am. and Eng. Ency. of Law, 398; Bond v. Bragg, 17 Ill. 69; Wood v. Price, 46 Ill. 435; Montelius v. Charles, 76 Ill. 303.

It is of no avail to plaintiff that the maker of the notes is a foreign corporation.

The judgment is reversed and the cause remanded.